THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| BRIAN J. BILLETER,<br><br>Plaintiff,<br><br>v.<br><br>NEED IT NOW,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER TO AMEND COMPLAINT<br><br>Case No. 2:23-cv-00413-JCB<br><br>Magistrate Judge Jared C. Bennett |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, pro se Plaintiff Brian J. Billeter ("Mr. Billeter") has consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[1] Before the court is Mr. Billeter's complaint.[2] Mr. Billeter has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[3] Accordingly, the court reviews the sufficiency of Mr. Billeter's complaint under the authority of the IFP Statute. Upon review, Mr. Billeter fails to state a claim on which relief can be granted. Accordingly, the court orders Mr. Billeter to file an amended complaint by September 16, 2023.

---

[1] ECF No. 12.

[2] ECF No. 1.

[3] ECF No. 3.

## BACKGROUND

Mr. Billeter initially filed with the Utah Antidiscrimination and Labor Division ("UALD") a charge of discrimination against Defendant Need It Now ("Defendant"), which was then waived to the U.S. Equal Employment Opportunity Commission ("EEOC").[4] Therein, Mr. Billeter alleged:

> I was hired [by Defendant] in September 2020, as a delivery driver. I have a disability. I have reason to believe because of this, I have been subjected to discrimination. In March or April of 2021, I was accused of hitting another vehicle by another employee. I did not cause additional damage to the vehicle, and did not hit anything. I was terminated in late March or early April 2021. I repeatedly asked about a final paycheck and I still did not receive it. The most recent time I asked for my final paycheck was in May 2021. I believe I have been discriminated against based on my disability. I believe the acts of my employer are in violation of the Americans with Disabilities Act of 1990, and the Utah Antidiscrimination Act of 1965, all as amended.[5]

Mr. Billeter received a Notice of Right to Sue from the EEOC on February 1, 2023.[6] Mr. Billeter initiated this action against Defendant in the U.S. District Court for the Western District of Texas on April 20, 2023.[7] Mr. Billeter alleged that Defendant terminated his employment and harassed Mr. Billeter in violation of the Americans with Disabilities Act ("ADA").[8] The complaint form directed Mr. Billeter to "[s]tate specifically the circumstances under which

---

[4] ECF No. 1-2 at 3-4.

[5] ECF No. 1-2 at 4.

[6] ECF No. 1-2 at 1-2.

[7] ECF No. 1-1.

[8] ECF No. 1-1 at 1-4.

defendant, its agent, or employees discriminated against plaintiff PERSONALLY."[9] Additionally, the complaint form directed Mr. Billeter to include specific dates and specific events relating the alleged discrimination claim.[10] However, Mr. Billeter did not complete this section of the complaint and thus provided no details or facts relating to the alleged discrimination.[11]

Consequently, the U.S. District Court for the Western District of Texas concluded that Mr. Billeter had likely failed to state a claim under § 1915(e)(2)(B).[12] The court further concluded that, even assuming Mr. Billeter had alleged facts sufficient to state a claim, it appeared that the Western District of Texas was an improper venue for this matter.[13] Based on the EEOC forms attached to Mr. Billeter's application to proceed in forma pauperis under 28 U.S.C. § 1915, the court reasoned that the events giving rise to Mr. Billeter's allegations of discrimination "took place in New York, or perhaps Salt Lake City" because the initial charge of discrimination was filed with UALD, but Mr. Billeter listed the place of the alleged violation as Woodside, New York.[14] Mr. Billeter also listed Defendant's address as Flushing, New York, but alleged that he was employed by Defendant in Salt Lake City, Utah.[15] Therefore, the court concluded "it [was] not clear why this case would properly be heard in the Western District of Texas" and "it [was] further unclear whether this [c]ourt could even exercise personal jurisdiction over the out-of-state

---

[9] ECF No. 1-1 at 3.
[10] ECF No. 1-1 at 3.
[11] ECF No. 1-1 at 3.
[12] ECF No. 13 at 11.
[13] ECF No. 13 at 12.
[14] ECF No. 13 at 12.
[15] ECF No. 13 at 12.

Defendant, as there are alleged no ties between Texas and Defendant."[16] Accordingly, the court ordered Mr. Billeter to show cause within 30 days why his complaint should not be dismissed pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief could be granted.[17] The court also ordered Mr. Billeter to provide the court with allegations sufficient to support the court's personal jurisdiction over Defendant and to support setting venue in the Western District of Texas.[18] In response to the court's order to show cause, Mr. Billeter submitted a letter to the court stating the following:

> I was hired as a delivery driver and did have lead driver while in training. I did not claim any disability except for a lazy left eye. I do have arthritis in my joints which makes it hard to be flexible and move quickly. And maybe I look like I am slow or not "with it." A lot of times I feel like people judge me unfairly and don't trust me to do my job or accept me as an "equal." I seem to be at times a "scapegoat" for other's misdeeds. I have a drivers license with no accidents and no speeding tickets.
>
> At Need it Now, the delivery vans got their bumps. There is GPS on them to keep track of movement, and a record should have been kept as to who was driving when and police reports for accidents involving the vans at the time. (As long as records were kept?)
>
> I was accused by a lead person of being a driver at the time of a reported damage. I asked for proof of the incident and was not allowed to have a copy. The last day I was told that I was fired for damaging a vehicle.
>
> . . . I did not receive my final paycheck.[19]

---

[16] ECF No. 13 at 12.

[17] ECF No. 13 at 12.

[18] ECF No. 13 at 12.

[19] ECF No. 6 at 1.

Mr. Billeter also stated in the letter that he was employed at Need it Now in Salt Lake City in fall 2020.[20] He stated that he had since moved to Texas and, because of this, he thought he could file his complaint against Defendant in a Texas federal court.[21] He asked the court, "So, maybe I should file this in Salt Lake instead of San Antonio?"[22] Upon review of Mr. Billeter's response to the court's order to show cause, the court *sue sponte* transferred the case here.[23]

## LEGAL STANDARDS

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[24] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[25] Under that standard, the court "accept[s] as true the well pleaded factual allegations and then determine[s] if the plaintiff has provided 'enough facts to state a claim to relief that is plausible on its face.'"[26] "Rather than adjudging whether a claim is 'improbable,' '[f]actual

---

[20] ECF No. 6 at 1.

[21] ECF No. 6 at 1.

[22] ECF No. 6 at 1.

[23] ECF Nos. 7, 8.

[24] 28 U.S.C. § 1915(e)(2)(B)(ii).

[25] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[26] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[27]

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[28] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[29] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[30] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the basis for the claims against it.[31] Indeed, the twin purposes of a complaint are to give the opposing party that notice so that it may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[32]

In analyzing Mr. Billeter's complaint, the court is mindful that he is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[33] However, it is not "the proper function of

---

[27] *Kay*, 500 F.3d at 1218 (quoting *Twombly*, 550 U.S. at 555-56) (alterations in original).

[28] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

[29] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[30] *Id.*

[31] *Twombly*, 550 U.S. at 555.

[32] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.* 891 F.2d 1473, 1480 (10th Cir. 1989).

[33] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

the district court to assume the role of advocate for the pro se litigant,"[34] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[35] Indeed, as the United States Court of Appeals for the Tenth Circuit stated:

> The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.[36]

After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[37]

---

[34] *Bellmon*, 935 F.2d at 1110.

[35] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[36] *Bellmon*, 935 F.2d at 1110 (citations omitted).

[37] *Kay*, 500 F.3d at 1217 (quotations and citation omitted).

ANALYSIS

As explained below, Mr. Billeter fails to state a claim under Title I of the ADA. However, because Mr. Billeter might be able to amend his complaint to cure this issue, the court affords him the opportunity to do so. Each issue is discussed in order below.

I. **Mr. Billeter Fails to State a Claim Under Title I of the ADA.**

Mr. Billeter cannot state a plausible claim for relief under Title I of the ADA because he has failed to plead sufficient facts showing that he is a person with a disability.[38] Title I of the ADA prohibits employers from discriminating against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms conditions, and privileges of employment.[39] The ADA defines a "disability" as a physical or mental impairment that substantially limits one or more of the major life activities of an individual, a record of such an impairment, or being regarded as having such an impairment.[40] A major life activity is a function such as caring for one's self, the ability to work, performing manual tasks, walking, seeing, hearing, speaking, reading, learning, and working.[41] An individual with a disability is considered

---

[38] The court liberally construes Mr. Billeter's ADA claim as a Title I claim under the ADA because the complaint mentions Mr. Billeter's previous employment with Defendant as a delivery driver. Therefore, the court assumes that Mr. Billeter is attempting to plead a Title I claim under the ADA.

[39] 42 U.S.C. § 12112(a).

[40] *Id.* at § 12102(1).

[41] *Id.* at § 12102(2)(A).

"qualified" under Title I if he is able to perform the essential functions of a job, with or without the employer making reasonable accommodations for his or her disability.[42]

Here, Mr. Billeter has not presented any facts in the complaint allowing the court to plausibly find that he is disabled under the ADA.[43] When instructed to select applicable allegations in the form complaint, Mr. Billeter selected "Disability" without additional information.[44] In his charge of discrimination filed with the UADL and EEOC, Mr. Billeter stated: "I believe I have been discriminated against based on my disability. I believe the acts of my employer are in violation of the Americans with Disabilities Act of 1990 . . . ."[45]

These are legal conclusions—not facts—and the court does not have to accept them as true.[46] Consequently, these conclusory allegations do not sufficiently allow the court to find that Mr. Billeter plausibly: (1) suffers from a physical or mental impairment that substantially limits one or more major life activities, (2) has a record of such impairment; or (3) is regarded as

---

[42] *Id.* at § 12111(8).

[43] The court recognizes that in a Rule 12(b)(6) analysis, which the court employs in this case, the general rule is that a court considers only the contents of the complaint. *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013). A written document that is attached to the complaint as an exhibit is considered part of the complaint and may also be considered in a Rule 12(b)(6) analysis. *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991). Therefore, the court considers only Mr. Billeter's transferred complaint and documents attached thereto in screening this action under 28 U.S.C. § 1915, not Mr. Billeter's response to the Western District of Texas's order to show cause.

[44] ECF No. 1-1 at 3.

[45] ECF No. 1-2 at 4.

[46] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

having such an impairment. Given that Mr. Billeter fails to state sufficient facts for the court to plausibly find that he is disabled, he fails to state a claim under Title I of the ADA.[47]

## II. The Court Permits Mr. Billeter to Amend His Complaint.

Based upon the foregoing analysis, Mr. Billeter has failed to state a claim under Title I of the ADA. However, Mr. Billeter may be able to cure this deficiency with adequate allegations in an amended complaint. Therefore, the court orders Mr. Billeter to submit an amended complaint by September 16, 2023. The court will then address whether Mr. Billeter's amended complaint states a claim for relief. If it fails to do so, it will be subject to dismissal with prejudice.

### CONCLUSION AND ORDER

The court ORDERS as follows:

1. Mr. Billeter is ordered to file an amended complaint by September 16, 2023. The words "Amended Complaint" should appear in the caption of the document.

2. Once filed, the court will screen the proposed amended complaint under 28 U.S.C. § 1915 and DUCivR 3-2(b).

3. Mr. Billeter's failure to file an amended complaint may result in dismissal of this action.

---

[47] *See, e.g.*, *E.E.O.C. v. C.R. England, Inc.*, 644 F.3d 1028, 1037–38 (10th Cir. 2011) (A "prima facie case of disability discrimination under the ADA" includes a showing that plaintiff "is a disabled person as defined by the ADA.").

IT IS SO ORDERED.

DATED this 17th day of August 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge