THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| BRIAN J. BILLETER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NEED IT NOW,<br><br>　　　　　Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:23-cv-00413-JCB<br><br><br>Magistrate Judge Jared C. Bennett |

　　　　Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, pro se Plaintiff Brian J. Billeter ("Mr. Billeter") has consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[1] Mr. Billeter has also been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[2] The court reviewed the sufficiency of Mr. Billeter's original complaint[3] under the authority of the IFP Statute and concluded that Mr. Billeter failed to state a claim on which relief can be granted.[4] Even so, the court provided Mr. Billeter with multiple opportunities to file an amended complaint.[5] Mr. Billeter neither filed an amended complaint by any of the court-ordered deadlines or anytime thereafter, nor sought an extension of time to do so. Therefore, this action is dismissed with prejudice.

---

[1] ECF No. 12.

[2] ECF No. 3.

[3] ECF No. 1.

[4] ECF No. 14.

[5] ECF No. 14 at 10; ECF No. 16 at 2.

BACKGROUND

Mr. Billeter initially filed with the Utah Antidiscrimination and Labor Division ("UALD") a charge of discrimination against Defendant Need It Now ("Defendant"), which was then waived to the U.S. Equal Employment Opportunity Commission ("EEOC").[6] Therein, Mr. Billeter alleged:

> I was hired [by Defendant] in September 2020, as a delivery driver. I have a disability. I have reason to believe because of this, I have been subjected to discrimination. In March or April of 2021, I was accused of hitting another vehicle by another employee. I did not cause additional damage to the vehicle, and did not hit anything. I was terminated in late March or early April 2021. I repeatedly asked about a final paycheck and I still did not receive it. The most recent time I asked for my final paycheck was in May 2021. I believe I have been discriminated against based on my disability. I believe the acts of my employer are in violation of the Americans with Disabilities Act of 1990, and the Utah Antidiscrimination Act of 1965, all as amended.[7]

Mr. Billeter received a Notice of Right to Sue from the EEOC on February 1, 2023.[8] Mr. Billeter initiated this action against Defendant in the U.S. District Court for the Western District of Texas on April 20, 2023.[9] Mr. Billeter alleged that Defendant terminated his employment and harassed Mr. Billeter in violation of the Americans with Disabilities Act ("ADA").[10] The complaint form directed Mr. Billeter to "[s]tate specifically the circumstances under which

---

[6] ECF No. 1-2 at 3-4.

[7] *Id.* at 4.

[8] *Id.* at 1-2.

[9] ECF No. 1-1.

[10] *Id.* at 1-4.

defendant, its agent, or employees discriminated against plaintiff PERSONALLY."[11] Additionally, the complaint form directed Mr. Billeter to include specific dates and specific events relating the alleged discrimination claim.[12] However, Mr. Billeter did not complete this section of the complaint and thus provided no details or facts relating to the alleged discrimination.[13]

Consequently, the U.S. District Court for the Western District of Texas concluded that Mr. Billeter had likely failed to state a claim under § 1915(e)(2)(B).[14] The court further concluded that, even assuming Mr. Billeter had alleged facts sufficient to state a claim, it appeared that the Western District of Texas was an improper venue for this matter.[15] Based on the EEOC forms attached to Mr. Billeter's application to proceed in forma pauperis under 28 U.S.C. § 1915, the court reasoned that the events giving rise to Mr. Billeter's allegations of discrimination "took place in New York, or perhaps Salt Lake City" because the initial charge of discrimination was filed with UALD, but Mr. Billeter listed the place of the alleged violation as Woodside, New York.[16] Mr. Billeter also listed Defendant's address as Flushing, New York, but alleged that he was employed by Defendant in Salt Lake City, Utah.[17] Therefore, the court concluded "it [was] not clear why this case would properly be heard in the Western District of Texas" and "it [was]

---

[11] *Id.* at 3.

[12] *Id.* at 3.

[13] *Id.* at 3.

[14] ECF No. 13 at 11.

[15] *Id.* at 12.

[16] *Id.*

[17] *Id.*

further unclear whether this [c]ourt could even exercise personal jurisdiction over the out-of-state Defendant, as there are alleged no ties between Texas and Defendant."[18] Accordingly, the court ordered Mr. Billeter to show cause within 30 days why his complaint should not be dismissed pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief could be granted.[19] The court also ordered Mr. Billeter to provide the court with allegations sufficient to support the court's personal jurisdiction over Defendant and to support setting venue in the Western District of Texas.[20] In response to the court's order to show cause, Mr. Billeter submitted a letter to the court stating the following:

> I was hired as a delivery driver and did have lead driver while in training. I did not claim any disability except for a lazy left eye. I do have arthritis in my joints which makes it hard to be flexible and move quickly. And maybe I look like I am slow or not "with it." A lot of times I feel like people judge me unfairly and don't trust me to do my job or accept me as an "equal." I seem to be at times a "scapegoat" for other's misdeeds. I have a drivers license with no accidents and no speeding tickets.
>
> At Need it Now, the delivery vans got their bumps. There is GPS on them to keep track of movement, and a record should have been kept as to who was driving when and police reports for accidents involving the vans at the time. (As long as records were kept?)
>
> I was accused by a lead person of being a driver at the time of a reported damage. I asked for proof of the incident and was not allowed to have a copy. The last day I was told that I was fired for damaging a vehicle.
>
> . . . I did not receive my final paycheck.[21]

---

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] ECF No. 6 at 1.

Mr. Billeter also stated in the letter that he was employed at Need it Now in Salt Lake City in fall 2020.[22] He stated that he had since moved to Texas and, because of this, he thought he could file his complaint against Defendant in a Texas federal court.[23] He asked the court, "So, maybe I should file this in Salt Lake instead of San Antonio?"[24] Upon review of Mr. Billeter's response to the court's order to show cause, the court *sua sponte* transferred the case here.[25]

Upon review, this court concluded Mr. Billeter failed to state a claim on which relief can be granted.[26] However, the court provided Mr. Billeter with an opportunity to file an amended complaint.[27] The court warned Mr. Billeter that failure to file an amended complaint could result in an order dismissing this action.[28] Mr. Billeter did not file an amended complaint by the deadline set in the court's order or anytime thereafter. Instead, Mr. Billeter filed an "Affidavit" on September 11, 2023 wherein Mr. Billeter appeared to assert additional facts to supplement his complaint, but did not address the deficiencies the court discussed in its order to amend.[29] The

---

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] ECF Nos. 7, 8.

[26] ECF No. 14.

[27] *Id.* at 10.

[28] *Id.*

[29] ECF No. 15. This document includes the following statements from Mr. Billeter: "(1) I started work on October first, 2020 till November 30; (2) The company management was behind because it changed management frequently. I have pictures of equipment still in wrapping and some not setup yet of my hiring; (3) I was required to show on paper any damage or issues with my vehicle I took out and returned. [T]he vans that were used at my job were GPS monitored, they would know how fast I was going when and where I stopped and if the van was involved in any accident; (4) I asked management multiple times to show me proof of any and all damage to the van I was driving but they could not show proof of any; (5) [T]here were no police reported

court did not acknowledge this affidavit as a properly filed amended complaint.[30] However, because Mr. Billeter had filed *something* with the court by the deadline the court gave to file an amended complaint, the court provided him with another opportunity to submit an amended complaint.[31] The court specifically ordered Mr. Billeter to caption the amended complaint as "Amended Complaint" when submitted, and also attached to its order a copy of DUCivR 15-1, which governs amended pleadings.[32] Once again, Mr. Billeter met the court's deadline for submitting an amended complaint, but, once again, his pleading was not an amended complaint, although he captioned the document as such.[33] Mr. Billeter included the following information in this document, which appears to be a letter to the court:

> In a letter dated May 10, 2023, I explained my situation as best I could, but time has gone by and I did not document my issues. I worked for Need It Now in Salt Lake City, Utah. I have found two more Earnings Statements for October 2020, they are attached. I was hired around . . . Also, there should be a record of other employees who worked the same time period as I did. Which of the others made the alleged claim of damage done by me. Who fired me? Is there a personnel record of the incident? Should I request my employment records? Would they even send them to me if I have a case against them?[34]

---

accidents with me in any work related equipment." None of this addresses the issues the court outlined in its order to amend.
[30] ECF No. 16 at 2.
[31] *Id.*
[32] Id. at 2-3.
[33] ECF No. 17.
[34] *Id.*

## LEGAL STANDARDS

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[35] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[36] Under that standard, the court "accept[s] as true the well pleaded factual allegations and then determine[s] if the plaintiff has provided 'enough facts to state a claim to relief that is plausible on its face.'"[37] "Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[38]

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[39] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[40] "Threadbare

---

[35] 28 U.S.C. § 1915(e)(2)(B)(ii).

[36] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[37] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[38] *Kay*, 500 F.3d at 1218 (quoting *Twombly*, 550 U.S. at 555-56) (alterations in original).

[39] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

[40] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[41] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the basis for the claims against it.[42] Indeed, the twin purposes of a complaint are to give the opposing party that notice so that it may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[43]

In analyzing Mr. Billeter's complaint, the court is mindful that he is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[44] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[45] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[46] Indeed, as the United States Court of Appeals for the Tenth Circuit stated:

> The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be

---

[41] *Id.*

[42] *Twombly*, 550 U.S. at 555.

[43] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.* 891 F.2d 1473, 1480 (10th Cir. 1989).

[44] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[45] *Bellmon*, 935 F.2d at 1110.

[46] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.[47]

After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[48]

## ANALYSIS

As explained in the court's prior order, Mr. Billeter fails to state a claim under Title I of the ADA. Even if the court were to construe Mr. Billeter's filings as an amended complaint—which it does not—Mr. Billeter has not pled any additional facts in these documents demonstrating that he is a person with a disability. Mr. Billeter has not followed the court's clear and repeated instructions to file an amended complaint, so granting Mr. Billeter with yet another opportunity to amend his complaint would be futile. Accordingly, the court dismisses this action with prejudice.

### I. Mr. Billeter Fails to State a Claim Under Title I of the ADA.

Mr. Billeter cannot state a plausible claim for relief under Title I of the ADA because he has failed to plead sufficient facts showing that he is a person with a disability.[49] Title I of the

---

[47] *Bellmon*, 935 F.2d at 1110 (citations omitted).

[48] *Kay*, 500 F.3d at 1217 (quotations and citation omitted).

[49] The court liberally construes Mr. Billeter's ADA claim as a Title I claim under the ADA because the complaint mentions Mr. Billeter's previous employment with Defendant as a delivery driver. Therefore, the court assumes that Mr. Billeter is attempting to plead a Title I claim under the ADA.

ADA prohibits employers from discriminating against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms conditions, and privileges of employment.[50] The ADA defines a "disability" as a physical or mental impairment that substantially limits one or more of the major life activities of an individual, a record of such an impairment, or being regarded as having such an impairment.[51] A major life activity is a function such as caring for one's self, the ability to work, performing manual tasks, walking, seeing, hearing, speaking, reading, learning, and working.[52] An individual with a disability is considered "qualified" under Title I if he is able to perform the essential functions of a job, with or without the employer making reasonable accommodations for his or her disability.[53]

Here, Mr. Billeter has not presented any facts in the complaint allowing the court to plausibly find that he is disabled under the ADA.[54] When instructed to select applicable

---

[50] 42 U.S.C. § 12112(a).

[51] *Id.* at § 12102(1).

[52] *Id.* at § 12102(2)(A).

[53] *Id.* at § 12111(8).

[54] The court recognizes that in a Rule 12(b)(6) analysis, which the court employs in this case, the general rule is that a court considers only the contents of the complaint. *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013). A written document that is attached to the complaint as an exhibit is considered part of the complaint and may also be considered in a Rule 12(b)(6) analysis. *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991). Therefore, the court considers only Mr. Billeter's transferred complaint and documents attached thereto in screening this action under 28 U.S.C. § 1915, not Mr. Billeter's response to the Western District of Texas's order to show cause. For the same reason, the court does not consider the Affidavit that Mr. Billeter submitted on September 11, 2023 (ECF No. 15) or the letter titled "Amended Complaint" Mr. Billeter filed October 16, 2023 (ECF No. 17). As discussed above, neither are an amended complaint. Furthermore, these documents do not present any facts demonstrating that Mr. Billeter is a person with a disability.

allegations in the form complaint, Mr. Billeter selected "Disability" without additional information.[55] In his charge of discrimination filed with the UADL and EEOC, Mr. Billeter stated: "I believe I have been discriminated against based on my disability. I believe the acts of my employer are in violation of the Americans with Disabilities Act of 1990 . . . ."[56]

These are legal conclusions—not facts—and the court does not have to accept them as true.[57] Consequently, these conclusory allegations do not sufficiently allow the court to find that Mr. Billeter plausibly: (1) suffers from a physical or mental impairment that substantially limits one or more major life activities, (2) has a record of such impairment; or (3) is regarded as having such an impairment. Given that Mr. Billeter fails to state sufficient facts for the court to plausibly find that he is disabled, he fails to state a claim under Title I of the ADA.[58]

## II. Granting Mr. Billeter Another Opportunity to Amend His Complaint Would Be Futile.

After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[59] In the court's order to amend—which reviewed the sufficiency of Mr. Billeter's original complaint under the authority of the IFP Statute—the court concluded that Mr. Billeter

---

[55] ECF No. 1-1 at 3.

[56] ECF No. 1-2 at 4.

[57] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

[58] *See, e.g.*, *E.E.O.C. v. C.R. England, Inc.*, 644 F.3d 1028, 1037–38 (10th Cir. 2011) (A "prima facie case of disability discrimination under the ADA" includes a showing that plaintiff "is a disabled person as defined by the ADA.").

[59] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).

had failed to state a claim under Title I of the ADA.[60] The court provided Mr. Billeter with two opportunities to file an amended complaint and noted that failure to file an amended complaint could result in an order dismissing this action.[61] Mr. Billeter did not file anything that resembled an amended complaint by the deadline(s) set in the court's order or anytime thereafter, and, in any event, what he did submit did not provide any material factual assertions to state a plausible claim for relief. Because Mr. Billeter was provided with multiple opportunities to correct the deficiencies in his complaint but failed to do so, providing him with another yet chance to correct those deficiencies would be futile. Therefore, the court dismisses this action with prejudice.

## CONCLUSION AND ORDER

Based upon the foregoing analysis, the court HEREBY ORDERS that Mr. Billeter's complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED this 3rd day of November 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[60] ECF No. 14.

[61] ECF No. 14 at 10; ECF No. 16 at 2.